IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MISTY SPRATLAN | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| ALCON MANUFACTURING, LTD. | § | |
| AND ALCON MANUFACTURING, INC. | § | |
| Defendants | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Misty Spratlan ("Plaintiff") and complains of Defendant Alcon Manufacturing, Ltd. and Alcon Manufacturing, Inc. ("Defendants"), and for her cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, compensatory and punitive damages, liquidated damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for violations of the Family and Medical Leave Act ("FMLA") suffered by Plaintiff in the course of her employment with Defendants.

2. Plaintiff's causes of action arise under the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*.

3. Plaintiff alleges that Defendants violated her rights under the FMLA by failing to reinstate her to her position following the FMLA qualifying leave that she took during her employment.

4.     Plaintiff also alleges that Defendants retaliated against her for taking a leave of absence, pursuant to the FMLA.

5.     Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

6.     Plaintiff Misty Spratlan is a resident of Harris County, Texas.

7.     Defendant Alcon Manufacturing, Ltd. is a Delaware Corporation and duly authorized to do business in the State of Texas.  Service of the Summons and this Complaint may be served through its registered agent, CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

8.     Defendant Alcon Manufacturing, Inc. is a Delaware Corporation and duly authorized to do business in the State of Texas.  Service of the Summons and this Complaint may be served through its registered agent, CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

9.     Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

10.     This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) and (4).

11.     The Court has personal jurisdiction over Defendants since they regularly conduct business within the State of Texas.

12.     Alternatively, the Court has personal jurisdiction over Defendants since they maintain sufficient minimum contacts with the State of Texas.

13.     Moreover, the acts about which the Plaintiff complains occurred within the State of Texas.

14.     Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

15.     This Court has jurisdiction over all claims in this action.

### IV.
### FACTS

16.     Defendants develop and manufacture assorted ophthalmic surgical equipment and devices, along with various other vision care products.

17.     Defendants have locations worldwide, including a facility in Houston, Texas.

18.     In the Houston manufacturing facility, Defendants manufacture custom surgical packs that contain every surgical item that the surgeon requires to perform an eye surgery.

3

19.    Additionally, each surgical pack is tailored to the unique sequence specified by the surgeon who is ordering and using the surgical pack.

20.    Each product manufactured by the Defendants is assembled in accordance with quality assurance procedures, and testes multiple times during the manufacturing process.

21.    Plaintiff began her employment with Defendant as a Quality Assurance Analyst in February 2002.

22.    As a Quality Assurance Analyst, Plaintiff worked to ensure the quality and accuracy of the products sold by the Defendants.

23.    To accomplish this, Plaintiff acted as a liaison between the customers, the sales department and the quality engineers who designed the products to ensure that the customers' needs were met.

24.    During her employment, Plaintiff always met the expectations for her positions, and received good performance evaluations from her supervisors.

25.    In June 2006, Plaintiff began to experience flu-like symptoms and went to the doctor for an examination.

26.    At that time, Plaintiff was diagnosed with a blood infection and a kidney disorder, requiring her to be admitted to the hospital.

27.    Over the following six weeks, Plaintiff underwent two surgical procedures for her condition.

28.    During this time, Plaintiff was placed on short-term disability leave.

29.     The leave of absence taken by Plaintiff qualified for leave under the FMLA

30.     On July 26, 2006, Plaintiff was released to return to work on restricted duty.

31.     However, upon Plaintiff's release to return to work, Defendants refused to reinstate Plaintiff to her position and did not allow her to return to her job duties. Instead, Defendant immediately placed Plaintiff on Administrative leave.

32.     On July 31, 2006, Defendant terminated Plaintiff's employment.

## V.
## COUNT I--VIOLATION OF THE FMLA

33.     Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

34.     Plaintiff suffered from a serious health condition as defined by the FMLA.

35.     Plaintiff qualified for leave under the FMLA, and took leave protected by the FMLA.

36.     By failing to reinstate the Plaintiff to her position following her medical leave, Defendant violated The Family and Medical Leave Act, 29 U.S.C. § 2614(a).

37.     As a result of Defendants' actions, Plaintiff has suffered damages.

## VI.
## COUNT II--VIOLATION OF THE FMLA

38.     Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

39.     Plaintiff suffered from a serious health condition as defined by the FMLA.

40.     Plaintiff qualified for leave under the FMLA, and took leave protected by the FMLA.

41.     By terminating Plaintiff, Defendant discriminated against her for taking leave protected by the FMLA, in violation of 29 U.S.C. § 2615(a).

42.     The Defendants' stated reason for termination was false

43.     Other direct and/or circumstantial evidence exists showing that Defendant intended to terminate Plaintiff because of her FMLA qualifying leave that was taken.

44.     As a result of Defendants' actions, Plaintiff has suffered damages.

## VII.
## ATTORNEY'S FEES

45.     Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

46.     Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to 29 U.S.C. § 626(b).

## VIII.
## JURY DEMAND

47.     Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## IX.
## RELIEF REQUESTED

48.   Plaintiff prays for the following relief:

a.    For actual and liquidated damages for the period of time provided by law, including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

b.    For compensatory damages and punitive damages as allowed by law;

c.    For attorneys' fees;

d.    For pre-judgement and post-judgement interest as allowed by law;

e.    For costs of court, costs of prosecuting Plaintiff's claim; and

f.    For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

SHELLIST LAZARZ, LLP

By:    /s/ Nasim Ahmad
Nasim Ahmad
State Bar No. 24014186
3D International Tower
1900 West Loop South, Suite 1910
Houston, Texas  77027
Telephone:   (713) 621-2277
Telecopier:   (713) 621-0993

ATTORNEYS FOR PLAINTIFF
MISTY SPRATLAN